The next case is number 221138, Netflix v. DivX, LLC. Mr. Saunders, can you read the report? Thank you. Good morning, Your Honor. May it please the Court. Like the challenge patent, the CACU reference taught using the same index of the same well-known AVI file format to play videos and taught trick-play functionality like fast-forwarding and rewinding. In addition, the 792 patent cites the CACU reference and admits that the AVI file format is prior art. So the Board's decision that it's not going to consider the CACU reference because it's not analogous art is reversible error for at least three reasons. First, there's no per se rule that you have to expressly define the field of endeavor or the problem. Here, the petition presented the substance of that argument woven into the obviousness analysis, describing the structural and functional overlap, describing the admissions in the patent, and talking about a skilled artisan's involvement. Second, the CACU reference isn't limited to digital cameras or the way that the Board was thinking about it. The Board didn't grapple with its statement that it's applicable to every electronic appliance to reproduce motion images. Conversely, the 792 patent could cover unsophisticated consumer devices. And then third, in the reasonable pertinence analysis, the Board flipped this Gortz-Donner case on its head to the point where in defining the problem, its focus singularly on the point of novelty ends up excluding from the prior art things that are the most well-known precisely because they're well-known. I think maybe your biggest hurdle today is that the burden of proof lies with the petitioner, even though it's the patent owner that might have to raise it first. And looking at your papers, I understand your magic words argument. That doesn't have to be magic words. But one of the concerns is what do you think the field of endeavor is? Is it an AVI file format or just a file format? Or is it multimedia video files? What is it? And I understand magic words don't have to be here. But where do you think that is in the record in A6403 or 405? Or how do we deal with that burden of proof issue? Right, so we think that the best definition in the field is video playback and file formats, which was the field we were using in describing the skilled artisan in the petition. On that, the other side's expert then came back, this is 4034 of the appendix, and says that's too narrow, that the field of the 792 patent is video encoding, transmission, and decoding. And so in the reply brief, it accepts that and says the 792 scope is the video encoding, transmission, and decoding. What do you say as you set forth in your petition when defining what a person's ordinary skill is? Right, yes, absolutely. Because what the petition isn't focused on is this is not a situation where we need to define the outer boundaries of the field, just as you often see decisions that say we don't need to resolve this dispute exactly over the definitions. But once you're called on it by the patent owner, then you do have an obligation to respond and articulate at some level of sufficiency that the board can understand your position, what you think the field of endeavor is. Do you agree with that? Well, I think that's – I won't fight that because in our reply, we said this is 6405 of the appendix, the 792 patent broadly defines its scope as including encoding, transmission, and decoding of multimedia files. But the primary focus, I will admit, was not arguing about the periphery. We were arguing from the center given the extreme amount of overlap here. This isn't a situation – we're talking about a patent that is finding your way in the – I don't think you even said what you just suggested you said, at least in the context of what is the field of endeavor for CACU. You didn't say anything other than ABI, did you, at page 6404 and 6403? So at 6404 – am I at a mistake here? It's 6405. 6405 only references field of endeavor in the second line from the top, correct? Everything else on that page is not even about field of endeavor. I think the – when you look at what's in the reply, it's really because there's a lot of overlap between these two analyses. It's everything together. But the problem – I think I'm having the same problem here. You're pulling that line on 6405 out of context because the prior two pages, when it's talking about CACU as analogous art, are talking about CACU teaching ABI file format, not the more broad definition of video playback or the like. So don't we have to then read that sentence as – in all of that instead of what you just said? I think you're – look, it sounds to me like this was not very well presented. CACU should be analogous art. The board just blew this. But we're on a substantial evidence standard here, and they made a fact-finding that CACU is not analogous art. And as best I can tell, your argument about what the field of endeavor was was that it was ABI teaching, and they didn't like that. They're so – and I don't – Do you think a party can raise two fields of the invention? I think that an invention can, but I think that the key thing on ABI is that we don't need to decide, is this video playback file format, the outer boundaries here, because we had overlap. We don't need to decide, does this include all file formats? We have overlap on the very format, the very index. No, I mean if you're using CACU to teach ABI, and that's what you're trying to show that the patent is ABI, that's obvious. But it still has to be in the same field of endeavor, even if it teaches the precise thing. To support its position, let me just say, for example, let's say there was a car patent. It's totally directed to car, but it mentions ABI. There is a problem there. Even though it mentions the file format, it is not in the same field of reinvention as a 792 patent. So you've got to look a little broader to figure out and not just look at the part that you're relying on to teach or the part that the claim recites as being the novel part of the claim, right, or what distinguishes the claim from the prior art. So say we don't agree with you on ABI. What else do you have to show that there's a – CACU is – CACU says it's applicable not just to digital cameras but to sort of any consumer electronic device. We point out in the petition 792 patent has the prosecution history where it talks about it's applicable to unsophisticated devices. Where did you make the argument that the field of endeavor is not just limited to ABI or not just limited to trick play, but it's the broader field of video playback? So we're not – if the standard – we think this would be an incorrect legal standard to say that we have to say the field of endeavor. But you at least have to show us where you made the argument. Even if you didn't use the word field of endeavor, you have to show – Is your best argument on page 6405, which – Right. I don't think that for that statement we ended up being told no, we won't consider that because we think that's a reasonable pertinence argument. But no, we don't see that as a definition of problem. It says here the 792 patent broadly defines its scope as including encoding and decoding. COCO teaches encoding and decoding of image data and EVI files. Right. Exactly. So even though the next sentence is saying under Federal Circuit precedent COCO is reasonably pertinent, it's your view that this goes not just to reasonably pertinent but also the field of endeavor. Exactly. And then they wouldn't consider it for reasonably pertinent because they said this isn't really a definition of problem. Can I ask you something? Do I have to rule in your favor on that? I think I do. I think I have to say the board abused its discretion in interpreting your papers. No. I think the primary way that this court has defined the field of endeavor is by looking to the structure and function. That's why we have hairbrushes and toothbrushes in the same field in the Biggio case. In Dmanisky we have the pumps for underwater and the other pumps. And so I think the point here is not what you have to find when we're saying the field of endeavor is X. It's that you can argue this from the center. You can present that substance. Can you answer Judge Stoll's question because I'm going to assume your answer was yes. Let me make sure we're on the same page. The question is when we look at what the board read into your papers and whether they thought that sentence about taproot only went to reasonable pertinence as opposed to the field of endeavor, aren't we reviewing for abuse of discretion just on how they read what your argument was? Yes, you would be. And how did they abuse their discretion? They then paired it and said, well, that's not a definition of the problem. Then help me with this. At 66-41 when you have the oral argument, which I assume follows the briefing. Mr. Leanne, is that your counsel? So Mr. Leanne says at 66-41 referring to the reply, pages three and four, we, I'm saying the word we, we explain that the 792 patent refers to ABI and CACU teaches ABI, but this is about file formats and therefore CACU is in the same field of endeavor. How is the board supposed to read that as anything other than the field of endeavor is ABI? Well, no, but it's broadening. I mean that's in CACU teaches ABI, but this is about file format. I mean the broader field is those file formats. That's what the encoding and decoding is getting to. That's what the definition of the skilled artisan in terms of video playback and file formats. So in the context of your reply and this answer, do you want us to find it's an abuse of discretion to understand your position below as being the field of endeavor is ABI? Right, and to be clear, yes, and the board, the way the board frames it, and as you see from what they're looking for in the oral hearing, is they need that statement, the field of endeavor is X. And we're saying that to require that statement, have a per se rule that you can't argue the substance here, you can't argue from the center, you can't argue the structure and function, but we're going to need that statement. It would be an incorrect legal rule in this context where we have such overlap, right? Same index, same file for the same purpose, video playback. And the admission in the way it's treated, the way it's treated in the prosecution history, and the admission that's there. Did the board ever say what it thought the field of endeavor was? I don't think it did. We interpreted the board's decision to be limiting the field of endeavor to Internet applications. Either that or it credited Dr. Baja's testimony on the field of endeavor. Well, that was his testimony. Well, he also said the field of endeavor is facilitating trick play in multimedia content. But if that's the thing, I mean, so appendix... No, it doesn't appear until column 48 of the patent, I know. Right, right, but also appendix 6060, our petition says, Kaku teaches fast forward and rewind functionality is performed by high speed reproduction in the forward and reverse direction. From the petition, from the beginning, we're saying Kaku is also teaching trick play. So that wouldn't be a basis to distinguish it. But in your brief, you say that you think that the board defined the field of the invention, or at least the patent is directed to encoding, transmission, decoding of multimedia files, including those with multiple tracks and cable being transmitted over the Internet. Do you think that's the case? Or do you think it's that they've said it relates to trick play? Or is it a little unclear in page 325? Because at first they said, your petition and your reply are deficient. And then they went ahead and addressed the issue anyway. And I'm having a little bit of a hard time understanding what they thought the field of... I share that difficulty. I think that would be good. Because the finding, the idea that the 792 is limited in some way, when there's no such limitation in the claims, when column 5 has a locally stored and DVD embodiment, and when our camera art, allegedly, itself is saying this applies to all of the consumer electronics. Good morning, Your Honors. And may it please the Court. I feel that a lot of my work has been done. So I hope to be brief. I have a question. Yes. I really want to know what you think the Board said was the field of the invention. Because it's either that they agreed with your expert and said that it's trick play and multimedia files. I think that's what the Board did. The closest statement that I have on this, I believe, is in the appendix at 25. And it says the 792's background of the invention makes clear that the patent relates to encoding, transmission, and decoding of multimedia fields, including those with multiple tracks and capable of being transmitted over the Internet. So I think that's the closest statement from the Board. But what about where they say above? They say, patent owner relies on Dr. Baja's testimony on the field in the endeavor and of COCO from the perspective of a person of ordinary skill in the art. We find Dr. Baja's testimony supported by the cited disclosures. So they agree with it, I guess. And then when you look at the paragraphs, they cite paragraphs 39 through 45 of Dr. Baja's expert report, and specifically he says the field of the endeavor is trick play in multimedia content. Yes. So I think there is some overlap between what Dr. Baja said and what the Board said. I see the two as being quite close. Essentially what I see the Board saying is Dr. Baja has submitted testimony concerning the field of endeavor, looking at the traditional sources that this Court has looked at to discern the field of endeavor, the background of the invention, the claims, the prosecution history, et cetera. And they set forth what his understanding was. And then they say a slightly different version of it. And so I agree that there's a little bit of perhaps... So do you think the question is trick play? I don't think it's limited to trick play. I think it is facilitating trick play functionality in multimedia content that is streamed or downloaded over the Internet. That is the position we provide. So you don't agree with this broader statement here on page A25? No. It says that it's encoding, transmission, and decoding of multimedia files. Let me be clear. I am not saying that the Board's statement is incorrect. I view it as being very close to what our experts offer. And what the Board said was they looked at the background of the invention, I believe, and they gave a slightly different articulation of it. But it seems very similar to me. And then the Board ultimately concluded, if you look at Keikyu, Keikyu is far afield of that, looking at the directional sources, and therefore you would need a very broad field of endeavor to encode this code. Can I walk through the 792 patent with you a little bit and talk about the field of endeavor? Of course. Okay. Where does it talk about... I see where it talks about multimedia files. In the abstracts, in the background, in the summary of the invention. And I don't see where it talks about trick play, the concept of trick play, until Column 48. Am I missing something? So you are correct. But let me make a couple of observations on that. A number of cases from this Court, including cases that they rely heavily upon, like Biggio and I think Dominsky might be the other one, there are different avenues to discern the field of endeavor that this Court has relied upon. One is the field of the invention, the background of the invention, the structure and content of the claims. And so here, each of the claims has trick play functionality. Now this is a continuation in part. And so what Dr. Bajaj did is he focused upon the additions to this patent, which do closely relate to trick play functionality, and the teachings that were added to this patent, those talk about the first and second index facilitating trick play functionality. Is there any case law that says that when something is a continuation in part, we should really focus on the subject matter that was added to determine what the field of the invention is for purposes of an analogous art? I'm not aware of any case from this Court that addresses that specific question, one way or the other. But I think it's reasonable in view of the case law that says you ought to look at the functioning structure of the claims, because in each of the claims here, they all require— And that's what is the certain feature, right? That's what's the asserted novel feature? I don't think it's the— Well, how it's obtained, having this second index. Oh, okay. I'm sorry. I thought you meant in the context of the IPR. You are correct that in the context of prosecution, and I think it's at Appendix 2000 if my memory is correct, the examiner allowed this patent in substantial part because of the second index. I have a lot of questions for you about the patents. Do you mind if I jump into them? Sure. I was looking at—I was wondering, for example, in the abstract, it says one embodiment of a multimedia file, in accordance with the pervasive invention, includes a series of encoded video frames. The first index includes some stuff. It talks about—so basically, it's the last sentence of the abstract. I think it's describing the file structure. Is that right? It says that there's a first index and there's video frames. I would agree that an index is a file structure. Yes. What about—let's see. Let's try Column 3, Figure 2.0 Description. It's Column 3, Line 25. It says Figure 2 is the diagram of the structure of a multimedia file. I'm sorry. Could you say the line again, please? I'm sorry. It's Column 3, Line 25. I'm looking at the brief description of the drawings. Figure 2 is a multimedia file. Figure 2.0.1 is a structure of a multimedia file. If what you're asking— What I'm asking is I see a lot of things. Look at the summary of the invention, Column 1, Lines 38 through 40. It's the very first statement of the summary of the invention. And it says, Embodiments of the present invention include multimedia files and systems for generating, distributing, and decoding multimedia files. I mean, why isn't a multimedia file or multimedia distribution system, which is the title of the patent, why isn't that the field at the end of it? Well, I do think—I agree with Judge Hughes that you have to look at this in the context of substantial evidence. I think it's also important to look at it in the context of the record below. But what are the sources of the substantial evidence that I'm to look at, especially the patent itself? Yes, yes, of course. We kind of need to know how the board defined field of endeavor to determine whether it's determination that Khakou isn't in the same field of endeavor as the Court of Substantial Evidence, don't we? I respectfully disagree with that. I don't believe you do need to reach that question. Well, how do we know if it's right or not? You don't know what they're defining as a field of endeavor. Let's say that they actually had defined the field of endeavor as only related to, what is it, the trickling functionality. That would be wrong, right? That's way too narrow of a field of endeavor. It's certainly not one that we proffered, and I don't think that alone would leap out from the disclosures in the patent. And their point is, this stuff is all so close that it's obvious on its face why they're in the same field of endeavor. Khakou says, well, you didn't – well, I mean, I disagree with the board on this, frankly. If I were part of this case, you would lose. But the board said, well, this is a video camera, and this is on the Internet, so they're not in the same field of endeavor. But how do we know how the board is defining the field of endeavor? Is it limited to Internet? No, I believe the – well, just on that last point. I mean, the patent is unlimited Internet, right? I agree. I don't believe that the board said it was limited. It says – the board says includes when it talks about including stream – if you look at the description I gave earlier. But if I may, if I didn't answer your prior questions – I'd like to ask you a question. Yes, please. Because you said, we never said that the field of endeavor is trick play. But your expert at page A4040 said, rather, the field of endeavor of the 792 patent is facilitating trick play functionality in multimedia content that is streamed or downloaded over the Internet. Yes, I agree with that. So – I agree with that. That's even newer than saying that it's directed to trick play functionality. Well, but that is what – okay, so the other side, they didn't put forward a field of endeavor for either the 792 or KU. We submitted expert testing. We're looking at the traditional sources, the background of the invention, the claims, the – I can point you to his expert declaration where he goes on to – No, no. Why don't you go with the things you said were the traditional things that you rely on, which is the background of the invention and the summary of the invention. Yes. And things in the patent itself instead of what the expert said. Well, he is speaking to those very same things. So I don't – Oh, my God. You can point to the patent instead of me. Yes. So we talked about how each of the claims requires two indexes for enabling trick play functionality. And so – and they cite a bunch of cases. But where is that? Where is this two indexes for enabling trick play functionality? Where is that mentioned at all in the background of the invention, in the abstract, in the summary of the invention? Where is that mentioned? Oh, I was not referring to that. I was referring to the structure and content of the claims. Oh, okay. Well, I understand. Yeah. Okay. So let me – Because claims don't cite trick play functionality, but you said you were going to go to the traditional places in the patent that are relied upon to determine the field of the invention. Yes. Not the scope of the claim. No, no. I understand. But I want to be clear that I believe one of the traditional sources is the claims. Okay. So the scope and content of the claimed inventions, that's what Inrei Vizio says. That's what Inrei Gavitsky says. That's what their cases say. So I would not exclude that from the ambit of the traditional sources. Okay. I'm aware of that. So I don't want to waste your time. Go ahead. Of course. And so you'll see there's a lot of relationship between aspects of Dr. Bajaj's identification of the field with the background of the invention, which notes the present invention generally relates to encoding, transmission, and decoding multimedia files. And that can include tracks. It gives additional tracks. And it says the development of the Internet has promoted the development of file formats for multimedia information to enable standardized generation, et cetera. So we're talking about multimedia files that have, in many instances, more than the traditional two tracks in the context of the development of the Internet. If you look at the figures, for example, one and two, we're talking about network devices. And then Dr. Bajaj looked at the reason the patent was granted. He looked at the claims, which focused upon the addition of the second index. And what the patent explains is that the second index is beneficial because you can obtain it before you get to the... Where is that? I believe, for example, 1626 to 1629, I want to say. I mean, where is that in the patent? Yeah. I'm sorry. While you're on column 16... Well, I think you're referring now to column 16. Yes, of course. Okay. Isn't that a reference to facilitating trick play? I think you had told Ted Stoll the earliest was column 48, but I thought that column 16 lines 26 to 30 or so were also a reference to trick play. It is. I... Thank you. What I meant to say earlier was that I'm not suggesting that trick play is the main feature of the very outset of the patent. But, yes, I certainly agree with Your Honor that that most definitely is about trick play. Is that the earliest reference that we read front to back in the patent? Is that the earliest reference to trick play in column 16? I believe it's the earliest reference we relied upon. And I believe that it is the information that was added to this continuation from its parent. But I only have two minutes, and I briefly speak to the burden because I don't think you need to get to any of this to answer your question, Judge Hughes, because they have the burden of proof. I think Your Honors understand the record quite well. There is... You have to find an abuse of discretion on the file format issue because the board expressly found a waiver. I didn't even see an argument from my friend in their favor. Can I ask you something? Yes, Your Honor. I understand your point. But let's say... Okay, so the board found that they didn't identify a field of endeavor. So then it accepts your statement of the field of endeavor. We're a little bit unclear on what that is and what they thought the field of endeavor was. But they may continue to analyze it, right? So we have to analyze... You know, we have to review their analysis, regardless of whether they found that the petitioner hadn't identified a field of endeavor. There's still a field of endeavor. I mean, just because the petitioner doesn't identify one doesn't mean that that stops it. The patent owner has identified one, and the analysis must then occur under the field of endeavor identified by the patent owner. That's the part where I respectfully disagree, actually, because they have the burden of proof on this issue. They have to prove the scope and content of the prior art. What if they just agree with you on what the field of endeavor is, but they disagree with you on the analysis? Well... The conclusion based on that field of endeavor. Even that. Okay, so... I'm sorry if I'm over-kidding myself, but it seems that they have the burden of proof. They clearly didn't satisfy their burden of proof. The board found that. That is an independently sufficient basis to affirm. And if you read their papers, you'll never even see them mention the word burden. Not once. And you see them relying. You ask, or someone asks, what is the clearest statement of the field of endeavor? And they went to the level of ordinary skill. The board said that they waived that argument. They have to demonstrate to your honors, which they did not argue in their papers... Let's assume momentarily that even though the petitioner has the burden of proof, the patent owner has to at least raise the issue and say why they think that it's not analogous. And in this case, here, the patent owner said it's not analogous because the field of endeavor is something that differs from the practice of the field of endeavor. That is not how we presented the argument. The way we presented the argument is, because I know because I wrote it, is they, if you read the third line of our brief, the POR below, petitioner fails to prove that Keiko is analogous, we then have an entire section on how they failed to prove it. Then we say, if you need to look any further, that's how we presented it. And then the third line, again, the argument... In the petition, they had to raise this issue. No, but even in our certify, we said, let's assume I understand your view on that issue. I'm just trying to get a hypothetical. Can I give you a hypothetical? I understand you might think the facts are different. It's fine. So let's say that the petitioner doesn't say anything in the petition about analogous art. The patent owner comes back, presents an argument, presents a field of endeavor, but the petitioner either doesn't respond or responds in a way where the board can't figure out what their alternative field of endeavor is. When the board... That doesn't mean the board doesn't analyze the issue, does it? Doesn't it mean that then they analyze the issue under the field of endeavor, identified and not disputed by the petitioner? The one identified by the patent owner but not disputed by the petitioner. Well, I think that hypothetical is a little bit different from our situation in certain respects. So I think what you're referring to is a situation where we offer a field and they don't dispute it, and therefore that is the field under which the analysis occurs. That might be a different situation, but I think in your hypothetical, the argument and thrust of our argument in our POR, in our server plot, and at trial, and I know because I gave all of them, was they failed to prove their case. That was the crux. They said they failed to identify a field of endeavor that was broader than the one identified by you. No, my... They needed to identify something more broad. My argument is that they failed to identify any field of endeavor for either the 792 or CACU. They said something about AVI, but they never said AVI was the field of endeavor. They then tried to cannibalize other portions of their petition, which wasn't in their papers, and therefore they can't raise it under Dell v. Acceleron, and the board reasonably found that those arguments were forfeited. The board could have stopped its analysis... You think that the board found they forfeited their entire analogous arc? No, no, no, that's not what I'm saying. Okay, what part do you think the board found... I believe they waived and expressly found a waiver and forfeiture of drafting the level of ordinary skill argument into the field of endeavor, and I don't know if I would formally call it... There's one other... Yeah, so I'm not sure if forfeiture is the right word, but the board found that the scope statement that we were talking about in my friend's argument, that that related to reasonable pertinence, not field of endeavor, and I heard my friend agree that the board's determination in that regard is decided for abuse of discretion. It's in a footnote. I can pull it if you... I think it's footnote 8. I might be a little bit off on that. Yeah, footnote 8. Footnote 8 on appendix 23. Thank you. So I'm over my time. Thank you. Mr. Saunders, since he went over, we'll give you four minutes for rebuttal. Thank you, Your Honor. I think to pick up with what Judge Stoll was asking about, the board's finding here with respect to the field of endeavor is saying having failed to identify the field of endeavor, petitioner cannot demonstrate this. It doesn't say you didn't put in the evidence. It doesn't say you're not telling us why you think CACU overlaps in structure and function. It's saying we need to see that definition of the field. And then when it turns past that per se rule, what we talked about as the magic words test, I think the discussion here today has deepened the mystery of where we are on what the board said. We heard that it's too narrow to say that it's trick play. Let me ask. Is the gist of your argument basically that in your position you identified CACU as relative prior art because on its face it also involves encoding and decoding media using these file formats and particularly the file format in issue and that it's self obvious that it's in the field of endeavor. They come back and say it's not and instead of addressing your arguments about that, the board made a technical ruling because you didn't specifically define the field of endeavor you lose even though the merits arguments you're making show exactly why CACU and the patent are in the same field of endeavor. Exactly and the merits arguments align with the way this court has looked to that overlapping. Can you show me where they did that? In the board at appendix 20 through 21 is where the board reaches the conclusion in that second full paragraph on 21 having failed to identify the field of endeavor, CACU cannot demonstrate that CACU and the claimed invention are in the same field. And in doing that they go through your reply, what your experts say and what you've argued. Right, but it's what they're looking for in that reply. Where else should they be looking? They're looking for us to say the field of endeavor is X. Parts of that say that. Here's the one thing that gives me a little bit of pause is, yes, if all they said is that you didn't actually specifically say field of endeavor equals X, I think the board would have a problem here. But kind of two-thirds out of that page it says you didn't meaningfully respond by identifying the field of endeavor. Again, I think that would be wrong. And explaining why CACU belonged to that field. Don't you at least have to, when it's challenged, explain why it belonged to that field. But every field we're talking about, that explanation is in the petition. Are we talking about file form? In CACU, we're talking about using the same index of the same well-known file format to play back video. It's incredible overlap between the two of them. And they tried to limit it to camera embodiments. So what the reply was focused on was saying, listen, CACU's not limited to camera embodiments. Here's the teaching. The reply is pointing out that the 792 patent itself is admitting that AVI is in the prior art, which is something that this court has considered in its prior cases. In page 21, the board says, nor does petitioner challenge the patent owner's definition of the field of endeavor in the 792 patent. Is that wrong? I'm not sure I know then or know now what their definition is. I don't think they we don't see them as sort of having put forward that. What would be wrong with us saying that when you are calling on whether or not you identify now this art in the same field of endeavor, maybe it's not magic words, but you have to at least be clear about what it is you're saying is the field of endeavor. Why are we so concerned about playing games with maybe it was clear enough? Or you go back to the petition. What would be wrong with you having to just come clean and say here's the field of endeavor and it's the same for prior art? There are going to be many, many cases where you won't need to define that outer boundary of the field in order to see the overlap. And so the response here is focusing on the substantive overlap. But why not just say that? There's a lot of ground to cover in the reply. The reply cycles through this. It's something that is admitted prior art in terms of AVI. The focus of these claims, the point of novelty, is what was taught by the Zets reference. This is just the baseline, the admitted prior art. Do you think it's fair to say that the burden of proof, I mean the burden of proof is on the petitioner to show now this art, but maybe that burden and how difficult it is to overcome varies with how far a field the prior art is from the patent. I think so. And I don't think that if you go back in the Biggio hairbrush toothbrush case that the argument is focusing on the overlying structures and functions. They're arguing that from the center. It's very common, it's very common in the petitions not to talk about the definition of the field of endeavor. Thank you.